[Crim. No. 171. Second Appellate District.—August 24, 1910.]

In re GEORGE W. WILCOX, on Habeas Corpus.

MUNICIPAL ORDINANCE—STREET EXCAVATIONS—DEPOSIT OF BOND OR MONEY FOR RESTORATION—FEE AS CONDITION OF RECEIPT—CONFLICT WITH GENERAL LAW.—That portion of a municipal ordinance relating to street excavation which requires the payment of a fee to the street superintendent, as a condition of the obtaining of a receipt for a deposit of a bond or money in lieu thereof to secure the restoration of the street, is invalid, as being in conflict with the general law embodied in section 2075 of the Code of Civil Procedure, that "whoever pays money, or delivers an instrument or property, is entitled to a receipt therefor from the person to whom the payment or delivery is made, and may demand a proper signature to such receipt as a condition of the payment or delivery."

ID.—NOTICE TO CITY OF INTENTION TO EXCAVATE—BASIS FOR COMPUTATION OF CASH DEPOSIT.—That portion of the municipal ordinance requiring written notice to be given to the city of an intention

to excavate is intended solely as a basis for computation where a cash deposit is made.

ID.—NOTICE, WHEN NOT REQUIRED—WAIVER—GIVING OF BOND.—Notice to the city is waived when the city fixes the amount of the deposit without notice; and no notice is required when a bond is given, the amount of which is arbitrarily fixed by the statute.

ID.—NOTICE NOT A BASIS FOR CONSTITUTIONAL RIGHT OF WATER COMPANY TO EXCAVATE.—In no event can notice be required as a basis for the right of a water company to enter upon a street for the purpose of making excavations in which to lay pipes for the distribution of water to the citizens of the municipality. That right is by virtue of a constitutional franchise, and it cannot be withheld by the city.

ID.—POWER OF CITY TO MAKE GENERAL REGULATIONS FOR DAMAGES—UNIFORMITY ESSENTIAL.—The only power possessed by the city, in the case of a water company, is to make general regulations for damages and indemnity for damages, and to require the work to be done under the direction of the street superintendent. Its regulations must be uniform in their application to all who desire to exercise this privilege.

ID.—REGULATIONS NOT UNIFORM—CONDITIONS OF DEPOSIT MORE ONEROUS THAN OF BOND.—The regulations provided by the ordinance are not uniform in their operation. The one depositing money as an indemnity for damages is subjected to a penalty by which the city arbitrarily retains a large portion to the credit of the street fund, while if another person or corporation desiring to excavate in the streets should file a bond, he avoids this penalty, and is only subjected to the obligation of replacing the street in as good condition as before and in the manner provided by the ordinance.

ID.—CRIMINAL LAW—ALLEGED VIOLATION OF ORDINANCE—INSUFFICIENT COMPLAINT—HABEAS CORPUS.—Where a complaint for a violation of the ordinance merely alleges that an employee of a water company violated those portions of the ordinance which provide for giving notice, filing of a bond and securing a receipt therefor, and does not negative the fact that no deposit was made, which would obviate the bond, nor state facts showing that any notice was required, and the ordinance being invalid as to the conditions of securing a receipt, and as to want of uniformity in its regulations, the complaint states no offense under the ordinance, and the defendant is entitled to be discharged upon *habeas corpus*.

ID.—STATUTE FORBIDDING ACT WITHOUT EXISTENCE OF EITHER OF TWO CONDITIONS—CRIMINAL PLEADING.—Where a statute forbids the doing of a particular act, without the existence of either one of two conditions, the criminal pleading must negative the existence of both of these conditions before it can be supported.

APPLICATION for discharge upon writ of *habeas corpus.*

Hanson, Hackler & Heath, for Petitioner.

Sloan Pitzer, for Respondent.

THE COURT.—Petitioner, an employee of the Marengo Water Company, a California corporation engaged in distributing and supplying water to the inhabitants of the city of Alhambra, was, on the 27th of October, 1908, arrested upon a complaint filed before a magistrate, charging him with a violation of an ordinance of said city enacted prior thereto, which ordinance, in so far as material in this case, provides:

"Section 1. That it shall be unlawful for any person, firm or corporation to make any excavation in any public street, road, alley or other public place, in the city of Alhambra, without first giving notice to the street superintendent of said city, and making a deposit or filing a bond, as the case may be, and securing a receipt therefor as hereinafter provided. The person, firm or corporation intending to make any such excavation shall file with said street superintendent a written notice of such intention, describing specifically the location and area of the excavation or excavations intended to be made, and, except as hereinafter provided, shall deposit with such street superintendent a sum of money equal to thirty (30) cents per square foot of surface of such excavation or excavations to be made in streets, roads, alleys, or places which are macadamized; a sum equal to twenty (20) cents for each square foot of surface of said excavation or excavations to be made in graveled streets, roads, alleys or places, and in streets, roads, alleys or places graded and oiled; and a sum equal to ten (10) cents for each square foot of surface of said excavation or excavations to be made in streets which are neither macadamized nor graveled or graded and oiled; provided that no deposit shall be less than one dollar ($1); and further provided that it shall be optional with such persons, firms or corporations so filing such notice of intention, instead of making such deposit to file with said street superintendent a bond in the penal sum of not less than $500, executed by said applicant and two sureties, who shall be conditioned upon the full and complete performance by said

applicant of all the conditions, requirements and restrictions in this ordinance and of all other ordinances and regulations of and in force in the city of Alhambra in regard to excavations in public streets,'' etc.

''Section 1½. Upon filing every such written notice there shall be also paid to said street superintendent the sum of $1 as the fee of said street superintendent for issuing the receipt hereinafter specified; no part of such fee shall be refunded by said street superintendent, but all thereof shall be retained by him.

''Section 2. The street superintendent shall, on receiving the written notice of intention and the payment of the fee of $1 hereinbefore mentioned in section 1½ hereof, together with the deposit required by section 1 hereof (or if a bond shall be filed, then upon payment of said fee and his approval of such bond), issue a receipt for such deposit or bond, and shall keep an account thereof. Said receipt shall specify the person, firm or corporation to whom it is issued and the street, road, alley, or other public place, and the particular portion or portions thereof to be excavated, and the extent of such excavations.''

Then follow various sections of the ordinance with reference to the manner in which the street shall be replaced in its original condition after excavation and of the times at which it shall be done and the right of the street superintendent, if not done promptly, to cause it to be done at the expense of the party making the excavation.

Section 7 provides that the street superintendent shall deduct from the deposit made for an excavation a sum equal to two and one-half (2½) cents per square foot of surface of the excavation in macadamized streets, and one-fifth (⅕) of one cent for each square foot of surface of roads or alleys which are not paved or macadamized; and also to deduct the cost of any work done or repairs made by him from all deposits in his hands; and further, upon the completion of the work of refilling and resurfacing for which a deposit has been made, the street superintendent shall refund to the person making such deposit the balance of such deposit after making all deductions herein authorized. That the street superintendent shall pay to the city treasurer all sums deducted by

him from all deposits, which shall be placed to the credit of the street fund.

By section 11 it is provided that any person violating the provisions of the ordinance is guilty of a misdemeanor.

The affidavit of complaint filed charges defendant with a violation of those portions of the ordinance which provide for giving notice, filing a bond and securing a receipt therefor. No other provision of the ordinance is claimed to have been violated. Judgment of conviction was pronounced against defendant by the magistrate, which, upon appeal to the superior court, was affirmed. Being in actual confinement, he now presents this petition upon the grounds: First. That the affidavit of complaint under which he was arrested, tried and convicted, does not charge a public offense; and Second. That the ordinance under and by virtue of which said complaint was issued is in contravention of the constitution of the state.

That portion of the ordinance requiring a payment on account of an issue by the city of a receipt by reason of the payment of money or the delivery of an instrument to it, is, in our opinion, invalid, being in conflict with general law (Code Civ. Proc., sec. 2075; *In re Sic,* 73 Cal. 146, [14 Pac. 405]); and a violation of the same could not support a conviction. An examination of the ordinance indicates that the notice required to be given the city of an intention to excavate was intended solely as affording a basis of computation where a cash deposit was made, in order to determine the amount of such deposit. In no event can it be said to have been intended as a basis for the right of a water company to enter upon a street for the purpose of making excavations in which to lay pipes for the distribution of water to the citizens of Alhambra. That right is by virtue of a constitutional franchise and it cannot be withheld by the city, its only power being to specify general regulations for damages and indemnity for damages, and to require the work to be done under the direction of the street superintendent. "The municipality may prescribe regulations for damages and indemnity for damages, but these regulations must be general—i. e., uniform—in their application to all who may desire to exercise the privilege." (*In re Johnston,* 137 Cal. 115, [69 Pac. 973].) It will be observed that the offense charged with

reference to the failure to give a bond is within the proviso clause of the ordinance. "Where a statute forbids the doing of a particular act, without the existence of either one of two conditions, the indictment must negative the existence of both these conditions before it can be supported." (Wharton's Criminal Pleading and Practice, sec. 239.) The ordinance in question makes it unlawful to excavate the street without making a deposit of money as indemnity for damages to the street; the proviso authorizes a bond in lieu of this deposit. The fact of this deposit, which, if made, obviates a bond, is not negatived. For aught that appears in this affidavit of complaint, such deposit may have been made, and if made and accepted by the city, the notice of the extent of the excavation would serve no useful purpose, such notice being only intended, as before said, in order to determine a basis for fixing the amount of cash deposit. If that were fixed, even without the notice, and the amount received by the city, it should be considered as a waiver of such notice. It will be observed further that the notice serves no purpose when a bond is given. The amount of that bond is arbitrarily fixed at $500 in all cases. It is true the ordinance says "not less than $500," but there is no provision in the ordinance by which it may be increased beyond that amount. The ordinance, therefore, should not be construed as requiring a preliminary notice where the party gives a bond, no reason therefor being apparent. In our opinion, therefore, the affidavit of complaint did not state facts constituting a public offense.

In addition to all of this, we think the ordinance open to at least two criticisms, which would render certain of its provisions invalid: First, as to the matter of receipt, heretofore treated; again, upon the authority of *In re Johnston,* 137 Cal. 115, [69 Pac. 973], the regulations provided are not uniform in their application. The one depositing money as indemnity for damages is by the ordinance subjected to a penalty by which the city arbitrarily retains a large portion thereof to the credit of the street fund, while if another person or corporation desiring to excavate in the streets should file a bond, he avoids this penalty and is only subjected to the obligation of replacing the street in as good condition as before and in the manner provided by the ordinance. Thus it is seen that

uniformity in the application of the regulations authorized under the constitution does not exist.

For these reasons assigned, we think the ordinance, at least to the extent criticised, and which covers all the provisions, alleged to have been violated, is invalid. The writ is, therefore, ordered to issue and the prisoner discharged.